UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

RAFAEL HUERTA,

    Plaintiff,

vs.

NORTHERN PELAGIC GROUP, LLC,
And MAREL SEATTLE, INC.

    Defendants.

Civil Action No. 1:17 cv 10656-LTS

## **ANSWER & AFFIRMATVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, MAREL SEATTLE, INC., by and through its attorneys, SCOTT MACHANIC of Cunningham, Machanic, Cetlin, Johnson, Harney & Tenney, LLP, and responds to the Plaintiff's Complaint for personal injuries as follows:

### **FACTUAL ALLEGATIONS**

1. Defendant Marel lacks sufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint.

2. Defendant Marel lacks sufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Defendant Marel admits the facts alleged in Paragraph 3 of the Complaint.

4. Defendant Marel is without sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies same and demands strict proof thereof.

5. Defendant Marel is without sufficient knowledge and information to either

#355002

admit or deny the allegations regarding where Plaintiff was working and, therefore, denies same and demands strict proof thereof. Further answering, Defendant Marel denies that it designed, manufactured, marketed, installed, maintained, or modified the alleged machine.

6. The allegations contained in this paragraph are denied as a conclusion of law. To the extent an answer is required, Defendant Marel denies the allegations in paragraph 6 of the Complaint.

7. The allegations contained in this paragraph are denied as a conclusion of law. To the extent an answer is required, Defendant Marel denies the allegations in paragraph 7 of the Complaint.

8. To the extent that the allegations in paragraph 8 of the Complaint are directed against Defendant Marel, the same are denied. To the extent that the allegations in paragraph 8 of the Complaint are not directed against Defendant Marel no answer is required.

9. The allegations contained in this paragraph are denied as a conclusion of law. To the extent an answer is required, Defendant Marel denies the allegations in paragraph 9 of the Complaint.

10. Defendant Marel denies the allegations in paragraph 10 of the complaint.

11. Defendant Marel denies the allegations in paragraph 11 of the complaint.

12. Defendant Marel admits that Plaintiff sent a demand letter on or about December 14, 2016.

13. Defendant Marel denies the allegations in paragraph 13 of the complaint.

## COUNT I – HUERTA VS. NORPEL

The allegations in Count I are not directed at this Defendant, therefore this Defendant does not respond to Count I.  To the extent any allegation is construed to be directed at this Defendant each and every allegation is denied.

## COUNT II – HUERTA VS. NORPEL

The allegations in Count II are not directed at this Defendant, therefore this Defendant does not respond to Count II.  To the extent any allegation is construed to be directed at this Defendant each and every allegation is denied.

## COUNT III – HUERTA VS. NORPEL

The allegations in Count III are not directed at this Defendant, therefore this Defendant does not respond to Count III.  To the extent any allegation is construed to be directed at this Defendant each and every allegation is denied.

## COUNT IV – HUERTA VS.. MAREL

20. Defendant Marel incorporates herein by reference its answers to paragraphs 1 through 13 above, as though fully set forth herein.

21. Defendant Marel denies the allegations in paragraph 21 of the complaint.

WHEREFORE, the Defendant, Marel Seattle Inc., denies that it owes Plaintiff any amounts whatsoever and requests that judgment be entered in its favor and against the Plaintiff, plus its cost of defending this case and such other further relief as this Court deems just.

## COUNT V – HUERTA VS. MAREL

22. Defendant Marel incorporates herein by reference its answers to paragraphs 1 through 13 above, as though fully set forth herein.

#355002

23. Defendant Marel denies the allegations in paragraph 23 of the complaint.

WHEREFORE, the Defendant, Marel Seattle Inc., denies that it owes Plaintiff any amounts whatsoever and requests that judgment be entered in its favor and against the Plaintiff, plus its cost of defending this case and such other further relief as this Court deems just.

## COUNT VI – HUERTA VS. MAREL

24. Defendant Marel incorporates herein by reference its answers to paragraphs 1 through 13 above, as though fully set forth herein.

25. Defendant Marel denies the allegations in paragraph 25 of the complaint.

WHEREFORE, the Defendant, Marel Seattle Inc., denies that it owes Plaintiff any amounts whatsoever and requests that judgment be entered in its favor and against the Plaintiff, plus its cost of defending this case and such other further relief as this Court deems just.

## JURY DEMAND

Defendant Marel Seattle Inc. demands a trial by jury as to all issues which it is entitled to as a matter of right.

## AFFIRMATIVE DEFENSES

Now Comes the Defendant, Marel Seattle Inc., by and through counsel, and for its affirmative defenses to the Plaintiff's Complaint, states as follows:

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief could be granted.

#355002

**Second Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations and the applicable statute of repose.

**Third Affirmative Defense**

Defendant owed no duty to Plaintiff at the time of Plaintiff's alleged injuries.

**Fourth Affirmative Defense**

Defendant performed each and every duty owed to Plaintiff.

**Fifth Affirmative Defense**

At all times relevant hereto, Defendant acted in a reasonable and proper manner.

**Sixth Affirmative Defenses**

Plaintiff knowingly and voluntarily assumed the risk.

**Seventh Affirmative Defense**

Plaintiff's recovery, if any, shall be reduced or barred consistent with his comparative negligence fault.

**Eighth Affirmative Defense**

Any injuries or damages allegedly sustained by Plaintiff were caused through the sole negligence of the Plaintiff.

**Ninth Affirmative Defense**

The negligence, if any, on the part of Defendant was not the proximate cause of any injuries or damages allegedly sustained by the Plaintiff.

**Tenth Affirmative Defense**

Any injuries or damages which may have been sustained by Plaintiff were the result of an avoidable accident.

#355002

**Eleventh Affirmative Defense**

Any injuries or damages which may have been sustained by Plaintiff were the result of an obvious danger.

**Twelfth Affirmative Defense**

Any injuries or damages which may have been sustained by Plaintiff were the result of product alteration or modification.

**Thirteenth Affirmative Defense**

The claims of the Plaintiff are barred by his failure to mitigate damages.

**Fourteenth Affirmative Defense**

If the damages of the Plaintiff are true and proven, which is denied, then such damages were caused by conditions or persons over which the Defendant had no control.

**Fifteenth Affirmative Defense**

If the damages of the Plaintiff are true and proven, which is denied, then such damages were not caused by any conduct of Defendant, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom the Defendant had no control.

**Sixteenth Affirmative Defense**

Defendant asserts entitlement to a credit or set-off with respect to all collateral payments to Plaintiff for injuries or damages arising from the wrong alleged.

**Seventeenth Affirmative Defense**

The negligence of other parties, including Plaintiff was a superseding cause of the accident.

#355002

### Eighteenth Affirmative Defense

Defendant did not engage in any unfair or deceptive act or practice and therefore, Plaintiff is barred from recovery.

### Nineteenth Affirmative Defense

Plaintiff is estopped to assert his claim due to his own acts or conduct.

### Twentieth Affirmative Defense

Plaintiff misused the product and, therefore, Plaintiff is barred from recovery.

### Twenty-First Affirmative Defense

If Plaintiff was damaged as alleged, the Plaintiff failed to act reasonably with respect to a product which he knew to be defective or dangerous.

### Twenty-Second Affirmative Defense

Defendant has performed and fulfilled all promises and obligations arising under all applicable warranties of merchantability, and therefore, Plaintiff is barred from recovery.

### Twenty-Third Affirmative Defense

Defendant denies any liability for any implied warranty of merchantability, since all goods allegedly sold by Defendant was fit for the ordinary purpose for which such goods are used.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims pursuant to M.G.L. c. 93A are barred as his demand letter was deficient.

### Twenty-Fifth Affirmative Defense

Defendant hereby reserves the right to interpose such other and further affirmative defenses as discovery may disclose.

#355002

        Respectfully submitted,
Marel Seattle, Inc.
By its attorneys,

        */s/ Scott L. Machanic*
Scott Machanic BBO #311120
Cunningham, Machanic, Cetlin, Johnson,
Harney & Tenney, LLP
220 N. Main Street
Natick, MA 01760
(508) 651-7524
smachanic@cmlaw.net

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 25, 2017 the foregoing Answer and Affirmative Defenses were electronically filed with the Clerk of the Court using the CM/ECF system, and the documents identified herein were mailed to:

Mark Karsner
Karsner & Meehan, P.C.
128 Dean Street
Taunton, MA 02780

        /s/ *Scott L. Machanic*

#355002