UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 1:17-CV-10656-LTS

```
_____
                                )
RAFAEL HUERTA,                  )
                                )
            PLAINTIFF,          )
                                )
v.                              )
                                )
NORTHERN PELAGIC GROUP, LLC,    )
AND MAREL SEATTLE, INC.         )
                                )
            DEFENDANTS.         )
_____)
```

**ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND
JURY CLAIM OF NORTHERN PELAGIC GROUP, LLC**

FIRST DEFENSE

The defendant, Northern Pelagic Group, LLC, hereby responds to the enumerated paragraphs of plaintiff's complaint served in Bristol Superior Court, C.A. No. 1773CV000210, as follows:

1.   The defendant admits the allegations of paragraph 2 of the complaint.

2.   The defendant lacks sufficient information from which it can admit or deny the factual allegations or legal contentions contained in paragraphs 1, 3, 4, 12, 13, 23, and 25 of the complaint.

3.   The defendant denies the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 15, 17, 19, and 21 of the complaint and all prayers for relief thereunder.

4.   No response is called for with respect to paragraphs 14, 16, 18, 20, and 22 of the complaint, as these are paragraphs of incorporation.  To the extent a response to these paragraphs is sought, the allegations contained therein are expressly denied.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The plaintiff's recovery is barred or is subject to diminution, pursuant to G.L.c. 231, § 85, to the extent that his negligence caused or contributed to cause his injuries or damages.

## FOURTH DEFENSE

The injuries or damages of which the plaintiff complains were not caused by any entity or person for whose conduct this defendant is legally responsible.

## FIFTH DEFENSE

This action is barred for the plaintiff's failure to give notice of claim as required by law, which thus prejudices the defendant.

## SIXTH DEFENSE

The plaintiff's claims are barred by the equitable doctrine of estoppel.

SEVENTH DEFENSE

The plaintiff's claims are barred by reason of its waiver of the rights or remedies sought herein.

WHEREFORE, the defendant requests that this action be dismissed with prejudice.

**CROSS-CLAIM OF NORTHERN PELAGIC GROUP, LLC**

**COUNT I:   CONTRIBUTION**

**NORTHERN PELAGIC GROUP, LLC V. MAREL SEATTLE, INC.**

1. The defendant/plaintiff in cross-claim, Northern Pelagic Group, Inc., is a Massachusetts corporation with a principal place of business at 4 Fish Island, New Bedford, Massachusetts.

2. The defendant in cross-claim, Marel Seattle, Inc., is a Washington corporation with a principal place of business at 2001 W. Garfield Street, Terminal 91, Building A1, Seattle, Washington.

3. The plaintiff, Rafael Huerta, has filed a claim against defendant/plaintiff in cross-claim, as more specifically set forth in the plaintiff's complaint.

4. The plaintiff's damages, if any, were the direct and proximate result of the negligence of the cross-claim defendant, Marel Seattle, Inc.  If the defendant/cross-claim plaintiff is liable in tort to the plaintiff, which the defendant/cross-claim plaintiff denies, then the cross-claim defendants are jointly

liable in tort for the same damages. The defendant/cross-claim plaintiff therefore is entitled to contribution from the cross-claim defendants pursuant to the provisions of G.L.c. 231B.

WHEREFORE, the defendant/cross-claim plaintiff, Northern Pelagic Group, LLC, demands judgment against the cross-claim defendant, Marel Seattle, Inc., in the full amount of the *pro-rata* share of the entire liability to the plaintiff, together with interest, costs and attorney fees.

### COUNT II:   COMMON LAW INDEMNITY
### NORTHERN PELAGIC GROUP, LLC V. MAREL SEATTLE, INC.

5.   Northern Pelagic Group, LLC incorporates herein by reference the foregoing paragraphs.

6.   The plaintiff in this action alleges in the Complaint that the defendant/cross-claim plaintiff, Northern Pelagic Group, LLC, is liable for its negligent or other conduct, which allegedly was the proximate cause of the plaintiff's damages.

7.   As the direct and proximate result of the said negligence of the defendant in cross-claim, Marel Seattle, Inc., the plaintiff suffered damages, and the defendant/plaintiff in cross-claim was not *in pari delicto* with the defendant in cross-claim and did not participate in the negligence of the defendant in cross-claim.  The negligence of the defendant/plaintiff in cross-claim, if any, was constructive and passive, while the negligence of the defendant in cross-claim was actual.  The

defendant/plaintiff in cross-claim is therefore entitled to be indemnified in full by the defendant in cross-claim.

WHEREFORE, the defendant/cross-claim plaintiff, Northern Pelagic Group, LLC, demands judgment against the cross-claim defendant, Marel Seattle, Inc., in the full amount of the liability to the plaintiff, together with interest, costs and attorney fees.

THE DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY.

NORTHERN PELAGIC GROUP, LLC
By its attorney,

/s/ David M. O'Connor

_____
David M. O'Connor
BBO No. 544166
O'CONNOR & ASSOCIATES, LLC
325 Boston Post Road
Sudbury, Massachusetts 01776
(978) 443-3510

DATED:    May 24, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 24, 2017.

/s/ David M. O'Connor

_____
David M. O'Connor