UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 1:17-CV-10656-LTS

```
                                    )
RAFAEL HUERTA,                      )
                                    )
            PLAINTIFF,              )
                                    )
v.                                  )
                                    )
NORTHERN PELAGIC GROUP, LLC,        )
AND MAREL SEATTLE, INC.             )
                                    )
            DEFENDANTS.             )
                                    )
```

**FIRST SUPPLEMENT TO INITIAL DISCLOSURES OF DEFENDANT NORTHERN PELAGIC GROUP, LLC**

Northern Pelagic Group, LLC ("Norpel"), hereby provides the following initial disclosure in conformity with Rule 26 (a)(1)(A):

1. Individuals believed to have discoverable information are identified below under their company affiliation and roles, if known.

   Eoin Rochford

   Mr. Rochford is Norpel's plant manager. He is expected to have discoverable information relating to the incident, how plaintiff was injured, the conveyor belt and system involved in the incident, maintenance of the conveyor belt system, and the general policies and procedures of Norpel with respect to operations and training.

   Sebastian Ayala

   Mr. Ayala is Norpel's foreman and trained plaintiff on the proper use of the conveyor belt. He is expected to have discoverable information relating to plaintiff's training and assigned work, as well as the general policies relating to training and overseeing employees.

   John Mello

   Mr. Mello has performed maintenance on the conveyor belt system that plaintiff claims caused his injury.

Kristopher Borges

Mr. Borges has performed maintenance on the conveyor belt system that plaintiff claims caused his injury.

Rafael Huerta

Mr. Huerta is the plaintiff, and is believed to have discoverable information regarding training in the proper use of the machine, the manner in which he was using the machine on the day of the incident, the extent of medical injuries, and damages.

Norpel reserves its right to supplement this list as discovery progresses.

BJ's Staffing

Norpel expects this company, which employed the plaintiff, to have discoverable information about his training, background and earnings, among other things.

2. Documents and Electronically Stored Information Within the Custody and Control of Norpel.

Copies of the documents currently within Norpel's custody and control are submitted separately.

The documents provided include attendance records and invoices between Norpel and BJ's Staffing that show dates and times plaintiff and other BJ's employees worked at Norpel; photos of the plant and conveyor belt system, plaintiff's Chapter 93A demands and supporting medical record documentation; Norpel's response to plaintiffs' Chapter 93A demand; correspondence between Norpel's insurer and BJ's worker's compensation carrier; information relating to the identity of experts retained by plaintiff and Norpel to perform pre-suit inspections of the premises.

A supplemental production, submitted to the parties under separate cover, includes a contract for temporary employment services between BJ's Service Company, Inc. and Norpel dated September 17, 2014.

Norpel reserves its right to supplement this list as discovery progresses.

3. Computation of Damages

Not applicable to Norpel.

4. <u>Insurance</u>

A copy of the declarations page of Norpel's policy of insurance will be supplied under separate cover.

>                                NORTHERN PELAGIC GROUP, LLC
>                                By its counsel,

DATED:    August 1, 2017      /s/ David M. O'Connor
                              David M. O'Connor
                              BBO No.: 544126
                              doconnor@oconnorllc.com
                              O'CONNOR & ASSOCIATES, LLC
                              325 Boston Post Road, Unit 1
                              Sudbury, MA 01776
                              (978) 443-3510

**CERTIFICATE OF SERVICE**

I, David M. O'Connor, hereby certify that I caused this document to be served on counsel of record via email and by ECF on August 1, 2017.

>                                /s/ David M. O'Connor
>                                David M. O'Connor